**Julia Ann White INMAN,**
**Plaintiff/Appellant,**

v.

**Gordon Everett INMAN,**
**Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 26, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Oct. 26, 1992.

Harlan Dodson, III, M. Thomas Jurkovich, Lucinda E. Smith, Dodson, Parker & Behm, Nashville, for plaintiff/appellant.

R.E. Lee Davies, Edward P. Silva, Hartzog, Silva & Davies, Franklin, for defendant/appellee.

## OPINION

TODD, Presiding Judge.

This is a post-divorce-decree proceeding in which the plaintiff, Julia Ann White Inman has appealed from an order of the Trial Court which "granted" defendant's "motion to dismiss" plaintiff's motion to compel defendant to pay to plaintiff interest or other equitable remuneration for delay in delivering to her the share of the marital estate awarded to her by the judgment of the Trial Court as modified by this Court and affirmed by the Supreme Court. 811 S.W.2d 870.

The abbreviated record indicates that the present proceeding was initiated on July 22, 1991, by the motion of the plaintiff for the relief stated above. On August 9, 1991, the defendant responded with a "motion to dismiss" on the following grounds:

1. The trial court lacks jurisdiction over the subject matter;

2. The motion fails to state a claim upon which relief can be granted; and,

3. The issues raised and the relief sought have been ruled upon by the Supreme Court and are *res judicata*.

It is seen that ground two of the motion to dismiss is based upon the insufficiency of the allegations of plaintiff's motion and that grounds one and three may be based upon allegations of insufficiency of the motion or upon facts not stated in the motion. The memorandum filed with the motion to dismiss states:

> In the appendix filed in support of the motion to dismiss, it is clear that the various relief sought by Mrs. Inman in the trial court had been sought in various combinations in the Supreme Court and denied by separate order. Following the issuance of the opinion by the Supreme Court, Mrs. Inman, in her petition to rehear, sought special instructions to be included in the mandate pertaining to the addition of interest on the judgment as modified by the Court. The mandate was silent as to interest being awarded as sought by Mrs. Inman.
>
> . . . .
>
> In the instant case, the judgment was modified both by the Court of Appeals and the Supreme Court without specific instructions for the inclusion of interest.
>
> . . . .
>
> The Inman mandate is silent to the issue of whether interest shall be allowed and, therefore, it is equivalent to a denial of interest.
>
> . . . .
>
> Neither the trial court, nor appellate court, has authority to expand the limitation placed by the Supreme Court upon a remand. *Cook v. McCullough*, 735 S.W.2d 464 (Tenn.Ct.App.1987).

. . . .

In the Inman case, Mrs. Inman is simply attempting to further modify the judgment of the trial court and have additional monies or property awarded to her under the guise of judgment interest.

■ The record does not contain any appendix filed with the motion to dismiss. Nor does the record contain the mandate of the Supreme Court following the previous appeal. The brief of defendant to this Court contains an appendix which includes an opinion of the Supreme Court in a previous appeal of this case on April 22, 1991, which opinion concludes as follows:

Therefore, we affirm the judgment of the trial court as modified by the Court of Appeals, pertaining to the distribution of marital property, awarding Mrs. Inman property in the additional amount of $1,043,230, as further modified by this Court.

. . . .

This case is remanded to the Chancery Court for Williamson County for further proceedings not inconsistent with this opinion. . . .

The foregoing from the appendix of defendant's brief is not competent evidence to this Court of any fact to be considered in favor of defendant, but it does constitute an admission of fact by a party to be considered against that party. T.R.E. Rule 803(1.2). Accordingly, this Court will consider as a fact that the previous ruling of the Supreme Court was as above stated, i.e., that the judgment was affirmed as modified and that jurisdiction of the cause was restored to the Trial Court.

Other allegations of fact in the motion to dismiss are not supported by the record and will not be considered by this Court in this appeal.

The judgment of the Trial Court states:

This cause was heard on August 16, 1991, before Honorable Henry Denmark Bell, Chancellor, upon the following: motion of Plaintiff Julia Ann White Inman to compel Defendant Gordon Everett Inman to comply with the judgment of the Court of Appeals of October 18, 1989 by transferring to Plaintiff the property awarded her in said judgment of the Court of Appeals and to require Defendant to pay Plaintiff interest on the amounts awarded her by the judgments of the trial court and the Court of Appeals from the date of the judgment of the trial court or, in the alternative, from the date of the judgment of the Court of Appeals until the dates such property was transferred to Plaintiff by Defendant; Defendant's motion with attached appendix to dismiss Plaintiff's motion and for sanctions under T.R.C.P. 11; argument of counsel; and the entire record herein from all of which it appeared to the court that it did not have jurisdiction of Plaintiff's said motion, that Defendant's motion to dismiss was well taken, and that Defendant's motion for sanctions was not well taken. It was therefore ORDERED by the court as follows:

1. Defendant's motion to dismiss Plaintiff's motion is granted and Plaintiff's said motion is hereby dismissed.

2. Defendant's motion for sanctions under T.R.C.P. 11 is denied.

3. The costs incident to Plaintiff's said motion are taxed against Plaintiff.

Plaintiff states the "Issues Presented for Review" as follows:

Whether a trial court has jurisdiction to award post judgment interest and enforce a judgment of the appellate court following a remand "for further proceedings not inconsistent with this opinion."

Because of the scantiness of the record, the facts to be considered in this appeal are limited to those stated in the motion of plaintiff and the admission of defendant in his brief.

The motion states:

1. Plaintiff moves the Court to award her from Defendant interest at 10% per annum from December 29, 1988, the date of the trial court's judgment of divorce,

on the values of the following property awarded to Plaintiff from Defendant by the trial court to the date the Defendant transferred said properties to Plaintiff: Culbertson Drive real estate—value $250,000; and one-half interest in residence at Magnolia Hall—value $650,000.

2. Plaintiff further moves the Court to award her from Defendant interest at 10% per annum from December 29, 1988, the date of the trial court's final judgment or, in the alternative, from October 18, 1989, the date of the decision by the Court of Appeals, on the values of the following additional property awarded Plaintiff by the Court of Appeals: Municipal bonds—$300,000; cash—$100,000; First American Federal stock—$135,000; one-fourth Nashville–Lincoln Development note—$187,230; Spring Hill office building—$150,000; equity in Alexander building—$171,000.

3. In the alternative, Plaintiff moves the Court to award her from Defendant the following: all interest received by Defendant on said $300,000, in municipal bonds from October 18, 1989; interest at 10% per annum on said $100,000 cash from October 18, 1989; all dividends received by Defendant on said First American Federal stock since October 18, 1989; the difference between the $135,000 value of said First American Federal stock as of October 18, 1989 and as of the date Defendant transferred it to Plaintiff; the amount of decrease since October 18, 1989 of the $187,230 value of the one-fourth interest in the Nashville Lincoln Development note; and interest at 10% per annum from October 18, 1989 on the $150,000 value of the Spring Hill office building and $171,000 equity in the Alexander building or, in the alternative, all rents received by Defendant from said properties or the rental value of said properties, whichever is greater, from October 18, 1989 until the date of payment.

The motion states that, by the decree of December 29, 1988, as modified by this Court and the Supreme Court, plaintiff was awarded the following:

| Culbertson Drive property worth | $250,000 |
|---|---|
| One-half interest in Magnolia Hall | 650,000 |
| Municipal Bonds | 300,000 |
| Cash | 100,000 |
| First American Federal Stock | 135,000 |
| One-fourth Nashville–Lincoln Development note | 187,000 |
| Spring Hill Office Building | 150,000 |
| Equity in Alexander Building | 171,000 |

A reasonable inference from the motion is that the above property was not delivered to plaintiff on the date of the decree and that plaintiff seeks compensation for the delay in the form of interest, rents, profits and use of the property enjoyed by defendant during the delay.

■ Defendant's brief concedes that the divorce decree, as modified by this Court, allocated the above listed property to the plaintiff. It is insisted correctly that the decree was not a monetary judgment for the total value of the properties. However, it is not denied that the award of $100,000 cash was a money judgment subject to T.C.A. § 47–14–121 which provides:

**Interest on judgments—Rate.**—Interest of judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; provided, however, that where a judgment is based on a note, contract, or other writing fixing a rate of interest within the limits provided in § 47–14–103 for that particular category of transaction, the judgment shall bear interest at the rate so fixed. [Acts 1979, ch. 203, § 20; 1981, ch. 263, § 1.]

Clearly, the plaintiff is entitled to interest at 10% on the $100,000 cash from the date of the decree until paid.

■ Defendant seeks to avoid this responsibility by stating, without record support, that plaintiff applied to the Supreme Court for such interest by petition to re-

hear which was denied. As stated, the deficiency of the record prevents formal consideration of this insistence; but, even if properly supported, the insistence is not sound because the right to interest on a judgment is statutory and the failure of any court to expressly provide such interest in its judgment does not abrogate the statute. Also, the failure to rule favorably upon a petition to rehear is not necessarily a definitive judgment upon all matters mentioned in the petition.

Defendant's brief next asserts, without record support, that, on the date of the mandate of the Supreme Court, defendant complied with the mandate. There is no allegation that the compliance included interest on the cash award from the date of judgment.

■■■ Defendant relies upon T.R.A.P. Rule 41, which states:

**Interest on Judgments.**—If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determined by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

Defendant conceives that the failure of an appellate court to direct the manner of computation of interest is a forfeiture of all post-judgment interest. This Court does not agree. The rule, quoted above is interpreted to mean that if the appellate court deems that its action requires that interest be computed other than as required by statute, the judgment of the appellate court should so state. This interpretation results in the application of statutory interest unless the appellate court orders otherwise.

■■ The principal issues in this appeal are the effective date of an appellate modi-fication of a Trial Court judgment and the jurisdiction of the Trial Court to enforce the judgment as modified by the appellate courts. There is a dearth of published authority on this subject. It is arguable that the effective date of such a modification is the date of filing the appellate opinion, or of the entry of the judgment of the appellate court, or of the issuance of the mandate of the appellate court or of the entry of the mandate upon the minutes of the Trial Court. This Court does not subscribe to any of the foregoing, but adopts the statement of the Louisiana Supreme Court in *Swift & Co. v. Leon Cahn & Co.*, 151 La. 837, 92 So. 355 (1922) as follows:

The judgment on appeal, when recorded in the Appellate Court, stands in the place of the judgment of the Trial Court, and the legal situation is as if the judgment so recorded had been originally rendered by the Trial Court.

Application of this principle to the present controversy produces an orderly and just result.

■■ The Trial Court on remand has full powers to implement and enforce its judgment as modified.

The matter of justly enforcing the rights of parties to a judgment which is modified or reversed on appeal is annotated under the heading, "Appeal and Error" and the sub-head, "restitution".

In 5–B C.J.S., Appeal & Error, § 1949, pp. 508, 511, is found the following:

An appellate court on reversal may order or direct restitution of property or rights lost by means of the erroneous judgment, or may direct that restitution be made and leave enforcement to the lower court.... The order of restitution may include costs, interest from the date of the judgment and rents and profits.

In the same article § 1965, page 574, is found the following:

The jurisdiction of the lower court reattaches on remand and it may take such action as law and justice may re-

quire under the circumstances as long as it is not inconsistent with the judgment of the appellate court.

In the same article § 1977, p. 614, is found the following:

After remand, the trial court has the power and duty, by execution or otherwise, to enforce a judgment which is in that court ... which has been entered in pursuance of a mandate of the appellate court....

In the same article, § 1979, p. 621, is found the following:

Interest may be allowed as authorized by statute....

■ Section 1980, page 623 of the same article states:

The right to have restitution of money or property which has been taken in the enforcement of a judgment or decree arises on the reversal of the judgment or decree; and such right of restitution may be enforced by the lower court without express mandate to that effect.

The foregoing specifically applies to property seized by execution pending appeal; but it applies with equal force to property retained and used pursuant to an erroneous judgment which has been modified or reversed on appeal.

Section 1985 of the same article states:

The right of restitution may be enforced by proper order of the appellate courts, summary proceedings in the lower court in the same cause, or by an independent action or suit.

Defendant insists correctly that the merits of plaintiff's motion and the appropriate relief are not before this Court for determination.

■ Plaintiff's motion has been found to state a claim for which relief can be granted by the Trial Court. What relief is justified by the facts will await the presentation of the facts to the Trial Court and preservation of the evidence for review by this Court if required.

Plaintiff should be granted statutory interest on the $100,000 judgment from December 29, 1988, until paid.

The Trial Court should hear evidence and render judgment in favor of plaintiff for the interest collected by defendant on the municipal bonds, one-fourth of the principal and interest collected by defendant on the note, the dividends collected on the corporate stock and the rent collected or other just compensation for diminution of value and/or defendant's possession, control or use of real estate, all from the date of the divorce decree until the delivery of each asset to the plaintiff, together with such pre-judgment interest as the Trial Judge may deem appropriate.

The judgment of the Trial Court "dismissing" (striking or overruling) the motion of plaintiff is reversed. All costs, including costs of this appeal, are taxed against the defendant. The cause is remanded to the Trial Court for enforcement of its divorce decree as modified by this Court and the Supreme Court.

Reversed and Remanded.

LEWIS and CANTRELL, JJ., concur.