**Gary M. HUDSON, Plaintiff–Appellant,**

v.

**Charles E. RHOTEN, d/b/a Rhoten Realty Company, Defendant–Appellee.**

Court of Appeals of Tennessee, Middle Section.

June 30, 1993.

Application for Permission to Appeal Denied by Supreme Court Sept. 27, 1993.

Martin C. Giner, Nashville, for plaintiff-appellant.

Harlan Dodson, III, Nashville, for defendant-appellee.

## OPINION

GODDARD, Judge.

The question presented by this appeal is whether the Trial Court was correct in refusing to allow pre-judgment interest as to an award to the Plaintiff of $16,250, decreed by this Court.

The case originated in October 1988 when Mr. Hudson, a real estate agent, sued

Charles E. Rhoten, a real estate broker, d/b/a Rhoten Realty Company, with whom Mr. Hudson was formerly associated, for real estate commissions he claimed were owing. The Trial Court by order entered on April 26, 1990, denied recovery. However, on appeal this Court, in an unreported opinion filed in Nashville on April 5, 1991, found that Mr. Hudson was entitled to recover the sum of $16,250, as heretofore noted.

The pertinent portion of this Court's opinion and of the judgment entered pursuant thereto provide the following:

### Opinion

The decision of the Davidson County Chancery Court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion. Costs of appeal are taxed to the appellee.

### Judgment

This cause coming on to be heard upon the record on appeal from the Chancery Court of Davidson County, briefs and argument of counsel; and upon consideration thereof, this Court is of opinion that there is insufficient evidence of an effective oral modification, but that the written agreement clearly entitles the plaintiff to the commission he claims for the transactions listed in the agreement.

In accordance with the opinion filed herein, it is, therefore, ordered and adjudged by this Court that the decision of the trial court is affirmed in part and reversed in part, and the cause is remanded to the Chancery Court of Davidson County for further proceedings consistent with this Court's opinion, and for collection of costs accrued below.

The Trial Court initially was of the opinion that he could award pre-judgment interest, and entered an order which "granted a judgment against defendant/appellee, Charles E. Rhoten, d/b/a Rhoten Realty Company, in the amount of $16,250, plus pre-judgment interest in the amount of $5,613.76, for a total judgment of $21,863.76."

The Trial Court, in responding to Mr. Rhoten's motion to alter or amend the judgment, concluded he had no authority to award pre-judgment interest and amended his original order to eliminate that item.

The Trial Court's change of mind was predicated upon the last sentence of Rule 41 of the Tennessee Rules of Appellate Procedure, which provides the following:

*Rule 41. Interest on Judgments.*—If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determined by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

Mr. Hudson argues, however, that the sentence in question only "applies when the appellate court directs that a 'judgment for money damages be entered in the trial court.'" He also points out that in the present case this Court did not mandate a judgment for a specific amount be entered, but, instead granted a broad remand which would permit the Trial Court to impose pre-judgment interest.

It is true that this Court did not specifically grant a judgment in the amount of $16,250, but such was implicit in its opinion, which included the calculations necessary to arrive at that figure.

Mr. Hudson further argues that Rule 41, including the last sentence above quoted, applies only to post-judgment interest. He cites in support of his insistence, *Inman v. Inman,* 840 S.W.2d 927 (Tenn.App.1992). While it is true *Inman* does recognize that Rule 41 addresses post-judgment interest, it does not address whether the last sentence, relied upon by the Trial Court, can be construed to include pre-judgment interest. Because the trial in the appellate court is *de novo,* we deem it appropriate to apply the

Rule to pre-judgment interest[1] and concur with the Trial Court that it had no authority to make such an award absent instruction from this Court except, as is explained in *Inman*, interest that is mandated by statute.

By his second issue, Mr. Hudson contends he is entitled to pre-judgment interest as a matter of right under T.C.A. 47–14–109(b).[2] We do not view the amount sued for, and ultimately recovered, a liquidated or settled account.

Liquidated and settled accounts have been defined in one case as any writing admitting an indebtedness and signed by the debtor, and in another case when the amount owing has been ascertained and agreed upon by the parties. *Air Temperature, Inc. v. Morris*, 63 Tenn.App. 90, 469 S.W.2d 495 (1970).

In the case at bar, as pointed out in Mr. Rhoten's brief, the account was not settled, because Mr. Hudson sought a judgment in the alternative either for $41,556.50 or $16,-250, depending on how his commission should be calculated.

Moreover, while it is true that this Court's opinion and judgment uses the language "clearly" when referring to Mr. Hudson's right to recover, the Trial Court nonetheless found otherwise which, in our view, tends to preclude application of the statute.

In conclusion, we suggest that upon the opinion of this Court being filed, the appropriate method to raise the issue of pre-judgment interest was by a petition to rehear.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of the judgment which, in accordance with *Inman*, shall draw interest at the statutory rate for judgments from April 26, 1990, the date the Trial Court initially dismissed the complaint, until paid. Costs of appeal are adjudged against Mr. Hudson and his surety.

TODD, P.J., and CANTRELL, J., concur.

---

1. In reaching our conclusion, we are not unmindful of the Advisory Commission Comments that Rule 41 "does not modify any existing law providing for interest before judgment." We do not perceive our construction to be a modification of the existing law providing for interest, but a determination of the proper court to make such an award.

2. *47–14–109. When interest accrues.*

. . . .

(b) Liquidated and settled accounts, signed by the debtor, shall bear interest from the time they become due, unless it is expressed that interest is not to accrue until a specific time therein mentioned.