IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

**MARY JOYCE BEATY,**

     Plaintiff-Appellant,

                                Williamson Chancery No. 16691

Vs.                                C.A. No. 01A01-9704-CH-00173

**JACK LLOYD BEATY, SR.,**

     Defendant-Appellee.
_____

FROM THE CHANCERY COURT FOR WILLIAMSON COUNTY
THE HONORABLE HENRY DENMARK BELL, CHANCELLOR

Lisa M. Carson; Petersen, Buerger,
Moseley & Carson of Franklin
For Appellee

Thomas W. Hardin; Hardin & Parkes of Columbia
For Appellant

*REVERSED AND REMANDED*

Opinion filed:



**FILED**

**September 17, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**W. FRANK CRAWFORD**,
**PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

     This appeal involves post-divorce proceedings. Plaintiff, Mary Joyce Beaty (Wife),

appeals the judgment of the trial court awarding an offset of $17,102.30 to defendant, Jack Lloyd

Beaty, Sr. (Husband), against $9,794.52 in post-judgment interest he owed to Wife.

The parties were divorced by a decree entered December 28, 1992. The decree provided in pertinent as follows:

2. That Mr. Beaty be and he is hereby awarded all right, title and interest in and to the residence located on Covington Drive, Brentwood, Williamson County, Tennessee and in and to the real estate located on Columbia Avenue, Franklin, Williamson County, Tennessee. Mr. Beaty will be responsible for the debts secured by the liens on said parcels of real estate. Appropriate quitclaim deeds with respect to said real estate shall be prepared and delivered to Mrs. Beaty for execution. Mr. Beaty will indemnify and hold harmless Mrs. Beaty with respect to the indebtedness related to the aforementioned property.

3. Mr. Beaty will be and is hereby awarded all right, title and interest in and to the business known as Franklin Jewelry and Loan Company, Inc. Mrs. Beaty will execute appropriate powers of attorney and/or stock certificates in order to transfer her stock ownership in said business to Mr. Beaty, and Mr. Beaty will be responsible for any indebtedness related to said business, and he shall indemnify and hold Mrs. Beaty therefrom.

\* \* \*

5. Mrs. Beaty is hereby awarded a judgment against Mr. Beaty in the amount of Fifty Thousand Dollars ($50,000.00) for which execution may issue if necessary. Said Judgment represents in part an equalization of the equities in the properties mentioned in Paragraphs 2 and 3 above.

Wife appealed the December 29, 1992 order to this Court, and the award of the marital

2

residence to Husband was a central issue in that appeal. Pending the appeal, Wife refused to execute the quitclaim deed on the marital residence, and Husband refused to pay Wife the $50,000.00 awarded in the divorce decree. On October 7, 1994, this Court affirmed the ruling of the trial court. *Beaty v. Beaty*, 1994 WL 543582, No. 01-A-0109305-CH00203 (Tenn. App. 1994). On December 13, 1994, upon remand to the trial court, Husband paid the $50,000.00 into court. On December 14, 1994, Husband filed a petition requesting, *inter alia*, that, in the event the trial court awarded Wife post-judgment interest for the delay in payment of the $50,000.00, he be allowed to offset the damages he allegedly incurred as a result of the delay in the sale of the Covington Drive residence. On January 3, 1995, the trial court entered an agreed order stating that issues involving execution and delivery of stock certificates and quitclaim deeds had been resolved. On January 9, 1995, Wife filed an answer and counter-petition requesting statutory post-judgment interest on the $50,000.00 award from December 28, 1992, the date of the original judgment, until December 13, 1994, the date Husband paid the $50,000.00 into court.

A hearing was held on March 7, 1995 in which the parties put on proof in support of their claims against each other. On March 15, 1995, the trial court filed a memorandum opinion, and on March 29, 1995, the trial court entered an order denying relief to either party. Wife appealed the trial court's order denying her interest. The only issue presented by Wife in her brief for review was "whether the Wife/Appellant is entitled to post-judgment interest on a judgment of $50,000.00 awarded her by the decree of divorce entered December 28, 1992." Because there was no transcript of the March 7, 1995 hearing, Wife submitted a statement of the evidence. The trial court approved a corrected copy of the statement of the evidence, which noted that Husband put on proof as to damages he allegedly incurred as a result of a delay in the transfer of title to the Covington Drive property.

This Court reversed the trial court's decision, holding that Wife was entitled to statutory interest under T.C.A. § 47-14-122, and remanded the case to the trial court for a determination of any offset to which Husband was entitled. *Beaty v. Beaty*, 1996 WL 99784, No. 01A01-9507-CH-00325 (Tenn. App. 1996). On remand, Husband moved the trial court for a final hearing and claimed that he was entitled to offset damages allegedly resulting from a delay in the sale of the Covington Drive property. On August 28, 1996, Wife filed a motion in opposition

3

to Husband's request for a hearing and a memorandum in support thereof. She objected to the proposed hearing on the ground that Husband was barred from re-litigating the issue because he failed to appeal the trial court's order denying him damages. The trial court entered an order overruling Wife's motion in opposition to Husband's motion and set the matter for a hearing. At the hearing, the trial court permitted Husband to present proof as to the damages he allegedly suffered from the delay in the sale of the house, and on February 12, 1997, the trial court entered an order awarding Husband an offset of $17,102.30 against the $9,794.52 in interest he owed to Wife.[1]

Wife appeals and presents one issue for review: whether the trial court committed error in entering a judgment in favor of Husband for an offset against interest awarded to Wife by the Court of Appeals.

Wife first asserts that the trial court's March 29, 1995 order denying Husband damages became the final judgment on this issue, because Husband did not file a notice of appeal within thirty days after its entry, nor did he present this as an issue in her appeal. She points out that Husband put on proof as to his damages at the March 7, 1995 hearing and that the trial court found that he was not entitled to damages. She argues that Husband's failure to appeal the issue of damages precludes re-litigation of this issue and that the trial court erred in allowing him to present proof of his damages on remand.

Husband, on the other hand, points out that upon the first remand he filed a petition to execute quitclaim deeds and stock certificates and that paragraph 6 of his petition read:

> Petitioner would state that in the event the Court should determine that the Respondent is entitled to interest on the judgment from the date of the final hearing then he would ask this Court to award him damages for the unnecessary delay he has encountered in selling the real estate he was awarded in that said real estate is a four (4) bedroom house in which he was the only person residing. Because of the failure of the Respondent to allow him to sell the real estate, he incurred $15,398.48 in additional payments of interest and principal that he would not have had to pay had he been allowed to go ahead and sell the real estate and pay the judgment as requested.

Husband insists that this petition is in fact a request for an offset against any post-judgment

---

[1] Although the trial court's memorandum opinion instructed Husband's attorney to prepare and submit a decree "awarding judgment in the arithmetically correct amount," this was not done, and the order provides only that Husband is entitled to the offset for the amount stated.

interest awarded to Wife. Husband further contends that the trial court never reached the issue of an offset because the trial court found that Wife was not entitled to recover post-judgment interest. Husband concedes that he did not file a cross-appeal when Wife appealed the denial of post-judgment interest, however, he asserts that T.R.A.P. 13(a) does not require a cross-appeal to be filed and that he raised the issue of an offset in his brief and in oral arguments before this Court. In addition, Husband points out that this Court stated the following in its previous opinion:

> The Husband/Appellee insists that if the Wife is entitled to post-judgment interest on the $50,000 judgment, then the Husband is entitled to offset the alleged interest owed to him on the assets that the Wife refused to transfer pending the appeal.[2] This claim is, of course, subject to possible proof offered at a hearing before the trial court for that purpose. We do not decide the issue, but remand the case to the trial court for such action that it deems proper.

We respectfully disagree with Wife's contention that Husband did not timely raise the issue of an offset. He raised this issue in his petition to the trial court upon the first remand and in his brief to this Court when Wife appealed the trial court's order denying her interest. In addition, the mere fact that Husband had the opportunity to put on proof as to his damages at the March 7, 1995 hearing and did so does not in this case bar re-litigation of the issue. The trial court found that Wife was not entitled to post-judgment interest. As such, there was nothing with which to offset the damages, if any, that Husband incurred. A remand for further proceedings is within the purview of the judicial discretion of the appellate court, especially when the issue had been left undecided by the trial court. *First Tennessee Bank Nat'l Ass'n v. Hurd Lock & Mfg. Co.*, 816 S.W.2d 38, 40 (Tenn. App. 1991). This issue is without merit.

Wife next asserts that the trial court erred in awarding Husband an offset. She argues that Husband failed to establish, through admissible evidence, damages to support his claim. She argues that there is no proof of the value of the Covington Drive residence or the equity therein

---

[2] The reference to "interest" is apparently a misnomer. Although T.C.A. 47-14-122 states that "[i]nterest shall be computed on *every* judgment," T.C.A. § 47-14-122 (1988 & 1994 Supp.) (emphasis added), "interest" is defined as "compensation for the use or detention of, or forbearance to collect, *money* over a period of time." T.C.A. § 47-14-102(7) (1988 & 1994 Supp.); *see also* T.R.A.P. 41 (providing the time periods in which to compute an award of interest for an appeal of a judgment for money in a civil case).

and that the trial court erred in allowing Husband to establish damages by estimating the expenses he would have saved had he sold the house and rented an apartment during the relevant time period.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). There is no presumption of correctness of the trial court's conclusions of law. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

Except as otherwise provided in Rule 62 of the *Tennessee Rules of Civil Procedure*, the mere taking of an appeal does not operate to stay execution upon a judgment. Tenn. R. Civ. P. 62.04; *see also Underwood v. Liberty Mut. Ins. Co.*, 782 S.W.2d 175, 177 (Tenn. 1989). Under the provisions of Rule 62, judgments may continue to be enforced pending an appeal unless a stay is ordered by the trial court. Tenn. R. Civ. P. 62.04. Neither party requested a stay in the present case, thus, the judgment rendered by the trial court became enforceable thirty days after its entry. Tenn. R. Civ. P. 62.01; *Underwood*, 782 S.W.2d at 177.

Instead of enforcing the judgment or filing a petition for contempt, Husband sought on remand to offset the damages he allegedly incurred pending the appeal as a result of Wife's refusal to execute the title documents on their marital residence.[3] The trial court erred in allowing Husband an offset because there is no basis under which Husband could recover his alleged damages. Unlike the statute mandating the award of post-judgment interest to Wife, there is no statute allowing a party to recover damages allegedly suffered from another party's failure to comply with a judgment pending an appeal. In addition, any damages allegedly suffered could have been avoided had Husband, instead of sitting on his rights, enforced the judgment or filed a petition for contempt.

In support of an offset, Husband relies on *Inman v. Inman*, 840 S.W.2d 927 (Tenn. App. 1992), and *Wade v. Wade*, 897 S.W.2d 702 (Tenn. App. 1994). These cases are distinguishable from the instant case. In both *Inman* and *Wade*, the Court reversed a trial court's award of real

---

[3] We note that Husband petitioned the trial court to allow the sale of the residence awarded to him by the judgment. The court held that it lacked jurisdiction due to the pending appeal by Wife. There is nothing in the record to indicate that Husband appealed this decision.

and personal property and allowed the appellant to recover damages for the loss of the use and benefit of the property under the principles of restitution. *See Inman*, 840 S.W.2d at 932-33; *Wade*, 897 S.W.2d at 720.[4] In the instant case, however, Husband's claim of damages is not based on a reversal in his favor, but is instead based on the appeal of an original award that this Court affirmed. There is no basis under restitution principles to award a party damages for sitting on his or her rights while another party exercises the right to appeal, even if a judgment is affirmed in that party's favor. Again, Husband had other means available to protect his assets pending appeal, including enforcing the judgment or filing a petition for contempt.

Husband argues that he did not pay Wife the $50,000.00 judgment because this obligation was contingent on her executing the title documents to the Covington Drive residence. This assertion is not supported by the divorce decree. Although the trial court stated that the $50,000.00 judgment represented in part an attempt to equalize the distribution of property, the trial court did not state that these obligations were contingent. This argument is without merit.

In any event, Husband did not prove that he suffered any damages. He failed to present any proof that he would have sold the home or any proof of the price at which it would have been sold. Moreover, his estimation of the costs that he would have saved had he sold the home and rented an apartment is speculative at best. The trial court erred in allowing Husband an offset against the post-judgment interest he owed to Wife.

Accordingly, the judgment of the trial court is reversed. This case is remanded for such proceedings as may be necessary. Costs are assessed one-half against appellant and one-half against appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____

[4] We note that the Court in *Inman* also found that the appellant was entitled to statutory post-judgment interest on a money judgment. *See Inman*, 840 S.W.2d at 932. Because Husband was awarded real property, and not a money judgment, this portion of *Inman* is not applicable to the instant case.

_____
**HOLLY KIRBY LILLARD, JUDGE**