IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 12, 2005 Session

## CHERYL SMITH GRAVES v. RICHARD C. GRAVES, SR.

**Appeal from the Circuit Court for Cocke County**
**No. 27-162-II     Richard R. Vance, Judge**

_____

**No. E2004-02141-COA-R3-CV - FILED JUNE 16, 2005**

_____

The sole issue on this appeal is whether the trial court erred in holding that Cheryl Smith Graves ("Wife") is not entitled to post-judgment interest on alimony due her under her judgment of divorce from Richard C. Graves, Sr. ("Husband"), which judgment was entered December 3, 2001, *nunc pro tunc* August 24, 2001.  The trial court premised its judgment on its finding that "[Wife] ha[d] been obstructive in the conclusion of this matter."  We hold that Wife is entitled to interest on all alimony payments to the extent that those payments were not timely made.  Accordingly, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY and SHARON G. LEE, JJ., joined.

Judith Fain, Johnson City, Tennessee, for the appellant, Cheryl Smith Graves.

Richard C. Graves, Sr., Bybee, Tennessee, Pro Se.

**OPINION**

I.

Based upon the agreement of the parties, the trial court dissolved their 19-year marriage at a hearing conducted on August 24, 2001.  The divorce judgment addressed the parties' extensive real estate holdings, alimony, and many other issues.  Specifically, with respect to alimony, the judgment provides as follows:

> That beginning on October 1, 2001, and on the first day of each
> month hereafter, [Husband] shall pay to [Wife] Two Thousand
> Dollars ($2000.00) per month as alimony *in solido* for one hundred

twenty (120) months. The first payment shall be made by October 1, 2001, and subsequent payments shall be mailed by the first day of each month, provided this Final Decree has been signed and entered. If not, [Husband] shall pay retroactively to October 1, 2001, upon entry of this Final Decree of divorce.

(Paragraph numbering in original omitted).

Subsequent to the entry of the divorce judgment, disputes arose between the parties regarding the interpretation and execution of the judgment with respect to, *inter alia*, the division of their real and personal property. The trial court referred the matter to a special master, who held a hearing on November 21, 2002, and again on December 18, 2003. Each hearing resulted in a written report to the trial court, and each party took exceptions to both reports. The trial court rejected both parties' exceptions and adopted the special master's reports *in toto*.

On April 14, 2004, Wife filed a motion with the trial court stating that Husband had sent her a check "for the principal amount of the indebtedness for the alimony" and that Husband had noted on the check that "to cash the check would constitute payment in full." Wife asserted that the check did not include interest, which had been accruing over the past 20 months. She asked the court to allow her to cash the check without prejudice to her claim for post-judgment interest.

The trial court conducted a hearing on Wife's motion on May 24, 2004. As there was no transcript of the hearing, Wife filed a statement of the evidence, which in substance is one page in length and states, in pertinent part, as follows:

> A hearing was held before the Honorable Richard R. Vance when Court was convened at the Jefferson County Courthouse in Dandridge, Tennessee on May 24, 2004. Present for the hearing were counsel for both parties and [Husband].
>
> The hearing was held pursuant to [Wife's] Motion relating to a check she had received for back alimony payments because the check included notations by [Husband], who wrote the check, that the check constituted payment in full for all back alimony owed by [Husband] to [Wife]. [Wife] disagreed with the notations because the check did not cover the interest that had accrued on the alimony she had been awarded, . . . .
>
> The Court heard the arguments of counsel and ruled that [Wife] was not entitled to interest on the alimony that had not been paid to her in a timely manner and ordered that counsel for [Husband] prepare an order to that effect. The Court also ordered [Husband] to refrain from

writing comments on all future alimony checks. No testimony was taken.

The trial court entered its final judgment on July 12, 2004, which states the following:

> That the wording placed upon the alimony check previously paid by [Husband] is of no consequence and the check should be negotiated by [Wife]. [Husband] shall refrain from placing any conditions upon his alimony payments in the future.
>
> That [Wife] has been obstructive in the conclusion of this matter and she shall forthwith execute the deed of partial release previously furnished to her counsel and return the same to counsel for [Husband] for delivery to [Husband].
>
> That [Wife] is not entitled to interest upon the agreed upon balance of alimony arrived at during the hearing of January 21, 2004 and embodied in the judgment entered on March 16, 2004.

(Paragraph numbering in original omitted).

From this judgment, Wife appeals.

## II.

Because, in our judgment, this case presents only a question of law, we review the issue presented "under a pure *de novo* standard." ***S. Constructors, Inc. v. Loudon County Bd. of Educ.***, 58 S.W.3d 706, 710 (Tenn. 2001). Therefore, we show no deference to the trial court's conclusions with respect to the legal issues presented. ***Id.***

## III.

Post-judgment interest is mandatory. ***Vooys v. Turner***, 49 S.W.3d 318, 322 (Tenn. Ct. App. 2001). It is imposed by statute "on judgments." Tenn. Code Ann. § 47-14-121 (2001). Tenn. Code Ann. § 47-14-122 (2001) provides that "[i]nterest *shall* be computed on *every* judgment . . . ." (Emphasis added). Once the amount of the judgment has been established, it bears interest at the statutory rate of 10% "except as may be otherwise provided or permitted by statute." Tenn. Code Ann. § 47-14-121. If the exception does not apply – and it has no application to the facts before us – the statute makes the add-on of 10% interest mandatory; a court is without authority to relieve a debtor of his or her statutorily-mandated post-judgment interest obligation. ***Inman v. Inman***, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992); ***Bedwell v. Bedwell***, 774 S.W.2d 953, 956 (Tenn. Ct. App. 1989). Post-judgment interest accrues "from the date of the decree until paid." ***Inman***, 840 S.W.2d at 931.

A judgment awarding alimony is no different from any other money judgment; the party awarded alimony is entitled to receive interest on the total of the alimony arrearage. *See Gleason v. Gleason*, No. M2003-01580-COA-R3-CV, 2004 WL 1924030, at \*2 (Tenn. Ct. App. M.S., filed August 27, 2004), *perm. app. denied*, January 31, 2005; ***Pertew v. Pertew***, No. 03A01-9711-CH-00505, 1999 WL 486917, at \*9-11 (Tenn. Ct. App. E.S., filed July 13, 1999) (no Tenn. R. App. P. 11 application filed).

Husband does not cite any law, nor are we aware of any, authorizing a court to deny an award of post-judgment interest on unpaid alimony. Accordingly, under the controlling precedent as set forth above, we hold that Wife is entitled to interest at the rate of 10% on each delinquent monthly alimony payment from and after the due date of that payment, said interest to be computed to May 24, 2004, the date of the hearing at which the trial court directed Wife to negotiate Husband's check.

While we do not think that the basis of the trial court's decision to deny Wife interest on the untimely alimony payments has any support in law, we note in passing that the record is replete with references by the trial court and the special master to the confusion created by ambiguities in the divorce judgment and to the rancor on *both* sides of this case. At the conclusion of the January 21, 2004, hearing on the parties' exceptions to the reports of the special master, the trial court made the following remarks:

> While the [divorce judgment] may have not been as complete in detail with respect to a couple of points[,] the intent of the parties as found by [the special master] was that these matters were concluded.
>
> I think a great deal of difficulty that the parties have had has been the unwillingness to cooperate in good spirit, because of the animosity that has continued to exi[s]t.
>
> The divorce is over, you all are divorced. No reason to be mad at anybody. This is a matter of property and money, strictly and purely at this point in time. Anything else only hurts yourself by being angry or bitter.
>
> And again, that has nothing to do with the law, that's simply an observation but it has affected the proceedings, it has affected the length of time that it has taken to hopefully lay some of these issues to rest.
>
> \* \* \*
>
> All in all it's time to lay this aside. There's merit on both sides and there's arguments that can't be supported on both sides.

-4-

> The court is going to leave it where it is. The costs will be divided equally between the parties. . . .

We find no factual basis for believing that Wife was more at fault than Husband with respect to the matters that caused so much post-divorce judgment activity and litigation in this case. In any event, we do not believe there is any legal basis to deny Wife the statutory interest to which she is entitled.

IV.

The judgment of the trial court is reversed. This case is remanded to the trial court for such proceedings, if any, as may be required, consistent with this opinion. Costs on appeal are taxed to the appellee, Richard C. Graves, Sr.

_____
CHARLES D. SUSANO, JR., JUDGE