IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2026 Session

FILED
06/10/2026
Clerk of the
Appellate Courts

## MICHAEL TOMLIN v. NEPHROLOGY ASSOCIATES, P.C. ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 10-1819-IV     Russell T. Perkins, Chancellor

———————————————————

**No. M2025-00469-COA-R3-CV**

———————————————————

This is the third appeal arising from more than a decade of litigation between Plaintiff/Appellant and Defendant/Appellee regarding claims of unpaid leasing commissions and breach of contract. The sole issue on appeal is from what date should mandatory post-judgment interest begin to accrue after a remand by this court. Discerning no error in the determination of the trial court, we affirm.

**Tenn. R. App. P. 3 appeal as of right from the Chancery Court of Davidson County; Judgment of the Chancery Court is Affirmed.**

WILLIAM E. PHILLIPS II, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J. and ANDY D. BENNETT, J., joined.

Robert L. DeLaney, Nashville, Tennessee, for the appellant(s), Michael Tomlin.

Cavender C. Kimble, Birmingham, Alabama, for the appellee(s), Renal Care Group, Inc., and Nephrology Associates, P.C..

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/Appellant Michael Tomlin d/b/a the Tomlin Company ("Plaintiff") filed this cause of action for collection of unpaid leasing commissions and for breach of contract against Defendants/Appellees Nephrology Associates, P.C. and Renal Care Group, Inc. ("Defendants") on November 12, 2010. Plaintiff alleged he earned certain unpaid commissions concerning eleven properties leased by Defendants in locations around the country, representing 23 separate claims. The trial court held a bench trial on Plaintiff's cause of action on September 30, 2013. On August 5, 2016, the trial court entered a

judgment in favor of Plaintiff in the amount of $192,298.00 with regard to seven of the eleven disputed leases. The trial court's order, however, did not address the remaining four locations relevant to six of Plaintiff's claims. Defendants appealed. Tomlin v. Renal Care Grp., Inc., No. M2016-02216-COA-R3-CV, 2017 WL 5952916 (Tenn. Ct. App. November 30, 2017) ("Tomlin 1").

This court dismissed Defendants' appeal for lack of subject-matter jurisdiction as the trial court's order was not a final order as it did not adjudicate all the claims, rights, and liabilities of the parties. Tomlin 1, 2017 WL 5952916 at *4 (citing Tenn. R. App. P. 3(a)). This court held:

> After an exhaustive review of the record, we have determined that the trial court failed to rule on at least six of Mr. Tomlin's claims. In the absence of a final judgment, we do not have subject-matter jurisdiction over this appeal. Accordingly, the appeal is hereby dismissed, and the case is remanded for further proceedings as may be necessary and consistent with this Opinion.

Tomlin 1, 2017 WL 5952916 at *5. Accordingly, the case was remanded to the trial court, requiring it to make additional substantive factual determinations regarding the underlying causes of action.

On remand, the trial court conducted a hearing on October 16, 2018, regarding Plaintiff's unresolved claims.[1] On June 10, 2022, the trial court entered an order holding that Plaintiff was not entitled to recover on the remaining claims not previously adjudicated and again entered a judgment for Plaintiff in the amount of $192,298.00, the same as previously ordered. Defendants appealed to this court for a second time. Tomlin v. Nephrology Associates, P.C., No. M2022-00937-COA-R3-CV, 2024 WL 1298152 (Tenn. Ct. App. March 27, 2024) ("Tomlin 2").

On appeal, this court reversed the trial court's findings on two of the seven locations that had been adjudicated in Plaintiff's favor, and accordingly modified the judgment awarded to Plaintiff. This court held:

> The evidence preponderates against the [trial] court's finding that the first two lease modification agreements in Harrison, New Jersey, were renewals or extensions of the original

---

[1] Plaintiff characterizes this hearing as a "non-evidentiary" hearing. A review of the transcript of said hearing, and the trial court's resulting order, demonstrates that the trial court considered evidence that was entered into the record during the September 30, 2013 trial and accepted at least one new exhibit. *See* the trial court's June 10, 2022 Memorandum and Revised Final Judgment After Remand ("Based on the foregoing facts and analysis, the Court hereby CONCLUDES as follows: . . . ").

sublease. But the evidence does not preponderate against the court's finding that the lease amendments in the other five locations were renewals or extensions. So we affirm the [trial] court's judgment as modified to reflect an award of $159,027.20.

Tomlin 2, 2024 WL 1298152 at *5. This court entered a Judgment on March 24, 2024, which provided:

It is, therefore ORDERED and ADJUDGED by this Court that the judgment of the trial court is affirmed as modified. Costs on appeal are taxed against the appellant and its surety if any. We remand this matter to the trial court for further proceedings consistent with this Court's opinion.

This court's mandate issued on June 4, 2024.

Following the second remand from this court, the parties filed a joint motion to determine post-judgment interest. The parties agreed interest ceased on September 24, 2024, but disputed the date of accrual. Plaintiff argued interest should run from the date of the trial court's initial judgment, August 5, 2016, totaling $71,233.08. Defendants argued interest should begin on the date of the trial court's order following the initial remand, June 10, 2022, totaling $19,142.19. Neither party disputed the other's method or conclusion of their post-judgment interest calculations. On March 25, 2025, the trial court adopted Defendants' calculation and set interest from June 10, 2022, totaling $19,142.19. Plaintiff has appealed the trial court's decision.

ANALYSIS[2]

The sole question presented on appeal is from what date post-judgment interest should begin to accrue, which is a question of law. A trial court's conclusions of law are reviewed de novo with no presumption of correctness. Wilson v. Schwind, 260 S.W.3d 454, 457 (Tenn. Ct. App. 2007). The imposition of post-judgment interest is mandatory and is governed by statute and court rule. Tennessee Code Annotated § 47-14-122 provides: "Interest shall be computed on every judgment from the day on which the jury or the court sitting without a jury, returned the verdict without regard to a motion for new trial." The imposition of post-judgment interest after an appeal is addressed by Tennessee Rule of Appellate Procedure 41, which provides:

---

[2] We acknowledge that much of the heavy lifting of our analysis was previously done by this court in Tennessee Rand, Inc. v. Automation Industrial Group, LLC, et al., No. E2011-00280-COA-R3CV, 2012 WL 130898 (Tenn. Ct. App. January 12, 2012), which we discuss, *infra*, and from which we generously borrow. It is our aim to further hone that analysis into a succinct and comprehensive rule to guide trial courts on the imposition of post-judgment interest when a matter has been remanded by this court.

- 3 -

> If a judgment for money in a civil case is affirmed or the appeal
> is dismissed, whatever interest is allowed by law shall be
> payable computed from the date of the verdict of the jury or the
> equivalent determination by the court in a non-jury case, which
> date shall be set forth in the judgment entered in the trial court.
> If a judgment is modified or reversed with a direction that a
> judgment for money be entered in the trial court, the mandate
> shall contain instructions with respect to allowance of interest.

Plaintiff argues that post-judgment interest should be calculated from August 5, 2016, because that was "the day on which the jury or the court, sitting without a jury returned the verdict[.]" Plaintiff also submits in his brief that he was unable to find any Tennessee case law that addresses the factual or procedural circumstances presented in this case.

Our own research, however, reveals that we have addressed the issue of the accrual date of post-judgment interest in several cases. There are, in fact, two distinct lines of cases addressing this exact issue. The two lines of cases are not inapposite but are separated by a procedural distinction. The fact that the two procedural patterns common to each line of cases are both present in this appeal allows us an opportunity to synthesize the two lines into a single comprehensive rule regarding what date post-judgment interest should begin to accrue in the event of a remand from this court. One line of cases addresses post-judgment interest when this court merely modifies the trial court's judgment, and the remand leaves nothing of substance to be done by the trial court. The other line addresses the accrual date of post-judgment interest when remand requires the trial court to make additional substantive factual determinations regarding the underlying cause of action. We will address each in turn.

The first case we have identified addressing the issue of the accrual date of post judgment interest on remand is <u>Inman v. Inman</u>, 840 S.W.2d 927 (Tenn. Ct. App. 1992) ("<u>Inman</u>"). <u>Inman</u> involved a divorce that was modified on appeal by both this court and the Supreme Court of Tennessee. As a result of the modification, wife was awarded considerably more assets in the division of marital property. On remand, wife moved the trial court to award her interest on the judgment, as modified, from the date of entry of the trial court's original judgment. The trial court granted husband's motion to dismiss wife's motion, and wife appealed. On appeal, this court stated:

> The principal issues in this appeal are the effective date of an
> appellate *modification* of a Trial Court judgment and the
> jurisdiction of the Trial Court to enforce the judgment as
> modified by the appellate courts. There is a dearth of published
> authority on this subject. It is arguable that the effective date
> of such a modification is the date of filing the appellate

opinion, or of the entry of the judgment of the appellate court, or of the issuance of the mandate of the appellate court or of the entry of the mandate upon the minutes of the Trial Court. This Court does not subscribe to any of the foregoing, but adopts the statement of the Louisiana Supreme Court in <u>Swift & Co. v. Leon Cahn & Co.</u>, 151 La. 837, 92 So. 355 (1922) as follows:

> The judgment on appeal, when recorded in the Appellate Court, stands in the place of the judgment of the Trial Court, and the legal situation is as if the judgment so recorded had been originally rendered by the Trial Court.

> Application of this principle to the present controversy produces an orderly and just result.

<u>Inman</u>, 840 S.W.2d at 932 (emphasis added).

While <u>Inman</u> involved a modification on appeal increasing the marital assets awarded to wife, <u>Inman v. Alexander</u>, 871 S.W.2d 152 (Tenn. Ct. App. 1993) ("<u>Alexander</u>"), a breach of contract action, involved a modification by this court decreasing the trial court's judgment. In the initial appeal of <u>Alexander</u>, *see* <u>Inman v. Alexander</u>, 1992 WL 4778 (Tenn. Ct. App. 1992), this court merely modified the judgment of the trial court by reducing the award to Plaintiff from $150,000.00 to $100,000.00, leaving nothing of substance left to be done by the trial court. On appeal for the second time, this court held that the rule established by <u>Inman</u> allowing an award of interest from the date of the original judgment applied equally to <u>Alexander</u>.

In <u>Wade v. Wade</u>, 897 S.W.2d 702 (Tenn. Ct. App. 1994) ("<u>Wade</u>"), another divorce action, this court once again modified the judgment of the trial court. This court held:

> [T]he trial court should hear evidence and render judgment in favor of appellee/Wife for the statutory interest on the trial court's judgment as *modified* by this opinion. The interest should be computed from the date of the divorce decree until the delivery of each asset to appellee/Wife.

> The judgment of the trial court is affirmed in part, reversed in part, modified and remanded to the trial court for entry of a judgment in conformity with this opinion and for any further necessary proceedings.

- 5 -

Wade, 897 S.W.2d at 720 (emphasis added).  Once again, there was nothing of substance left to be done by the trial court, i.e. there were no further substantive factual determinations to be made by the trial court regarding the underlying cause of action.  While the trial court was directed to "hear evidence and render judgment in favor of appellee/Wife" it was only in regard to the statutory post-judgment interest.  All substantive issues regarding the cause of action were previously resolved by the trial court and modified by this court, and the trial court was directed to enter judgment in conformity with this court's opinion.

Lastly, we consider Tennessee Rand, Inc. v. Automation Industrial Group, LLC, No. E2011-00280-COA-R3CV, 2012 WL 130898 (Tenn. Ct. App. January 12, 2012) ("Rand").  At trial, the court initially awarded the defendant a judgment on its counter claim.  The plaintiff filed a motion to alter or amend, and the trial court subsequently vacated its award to the defendant.[3]  On the first appeal of the case, this court reversed the trial court's granting of the plaintiff's motion to alter or amend and reinstated the trial court's initial judgment in favor of the defendant.  On remand, the plaintiff "asked the [trial] court to start the accrual of post judgment interest from the date of entry of the trial court's judgment on remand."  Rand, 2012 WL 130898 at *1.[4]  The matter was again appealed, and this court affirmed "that part of the judgment, as *modified* by us, holding that [the defendant] is entitled to post-judgment interest from the date of entry of the original judgment in its favor."  Rand, 2012 WL at *1 (emphasis added).  This court reasoned:

> Our opinion left nothing of substance to be done by the trial court with regard to the monetary award against [the plaintiff]. We reinstated the August 2008 judgment and then affirmed it. Our opinion and judgment stand as if the August 2008 judgment had never been disturbed.

Rand, 2012 WL 130898 at *9.

Consistent with the reasoning in this line of cases, we hold that when an appellate court merely modifies the judgment of the trial court – changing only the amount of the award and leaving nothing of substance to be done by the trial court regarding the award – and remands the matter only for any necessary further proceedings consistent with the appellate court's opinion, post-judgment interest should begin to accrue on the date of the trial court's original final judgment.  Like in Inman, we find this principle produces an orderly and just result.  We now turn to those instances when an appellate court remands a matter to the trial court requiring it to make additional substantive determinations regarding the claims, rights, and liabilities of the parties relative to the judgment itself.

---

[3] This is certainly an oversimplification of the complex history of this case, but it is accurate and serves the purpose for which we cite it.

[4] Several post-remand motions were filed by both parties that are not relevant to our analysis here.

Bunch v. Bunch, No. 03A01-9805-GS-00156, 1999 WL 172674 (Tenn. Ct. App. March 24, 1999) ("Bunch"), involved a divorce action. At trial the court divided the marital estate, and wife appealed. On the first appeal to this court, we determined that the trial court had improperly valued one of the marital assets. In conclusion, we held: "Except for the adjustment in the marital asset value of Bunch Marine, the judgment is affirmed. We conclude that a remand to the trial court for the purpose of *redetermining* the apportionment of marital assets is a more provident procedure, and the case is accordingly remanded." Bunch v. Bunch, No. 03A01-9609-GS-00301, 1997 WL 243501 (Tenn. Ct. App. May 13, 1997) (emphasis added). Following remand, the trial court did redetermine the division of marital assets and increased wife's share of the marital estate. Wife again appealed.

On appeal, wife argued that the trial court erred in failing to award her post-judgment interest on her increased share of the marital estate from the date the trial court entered its initial judgment. In support of her argument, wife cited Inman, Alexander, and Wade. We noted, however, that the cases cited by wife were procedurally distinguishable from Bunch. In Inman, Alexander, and Wade, the appellate court only modified the trial court's judgment, i.e. changed the specific monetary awards therein, leaving nothing of substance left for the trial court to do. In contrast, in Bunch we remanded the case to the trial court for the purpose of *redetermining* the distribution of the marital estate. This required the trial court to make further substantive factual determinations regarding the underlying cause of action. We held:

> Thus, the trial court was required to take further action, and not merely to enter judgment in accordance with specific modifications by us. Our decision left the actual redistribution of the parties' marital property – if any – to the trial court. Accordingly, a final determination regarding the division of property occurred only upon remand of the case and the trial court's subsequent judgment.

> In short, we believe that a remand for a possible reapportionment of marital assets, absent any actual, specific modifications to the previous distribution, presents a different situation from one in which the lower court's judgment is modified to reflect the appellate court's revised specific monetary determination. For this reason the above cited cases are not applicable to the instant case.

> . . . .

> Under the circumstance of this case, the date on which the trial court entered judgment after reapportioning the parties' marital assets upon remand . . . is the date upon which it "returned the

- 7 -

verdict" for purposes of [Tennessee Code Annotated] § 47-14-122. We therefore hold that Wife is entitled to interest on the amount awarded to her from that date, and not from the date of the trial court's original divorce decree.

Bunch, 1999 WL 172674 at *4-5.

Similar to Bunch, Watson v. Watson, 309 S.W.3d 483 (Tenn. Ct. App. 2009)("Watson"), was also a divorce action involving successive appeals. At trial, the court awarded wife a divorce on the ground of inappropriate marital conduct, denied husbands counterclaim for divorce, divided the parties marital assets, and awarded wife transitional alimony. Wife appealed and husband cross appealed. Watson v. Watson, No. W2004-01014-COA-R3-CV, 2005 WL 1882413 (Tenn. Ct. App. August 9, 2005). In the first appeal, the appellate court reversed the trial court's valuation of certain marital assets and reversed the trial court's finding that husband had dissipated marital assets. Both issues were remanded to the trial court for the trial court's *reconsideration*. Id. at *14. On remand, the trial court readjusted the division of marital property, increasing wife's award, performed a "detailed analysis" of the alleged dissipation, modified its award of transitional alimony, and declined wife's request for attorney's fees. Watson, 309 S.W3d at 487. Both parties again appealed.

In the second appeal, wife argued that the trial court failed to award her post-judgment interest on its increase of her portion of the marital estate. Wife also argued that interest begins to accrue from the date she was entitled to the money, and that she was entitled to the money at the time of the trial court's entry of the initial divorce decree. Just as in Bunch, wife cited Inman, Alexander, and Wade to support her position. Id. at 501. Father relied on Bunch. Id. at 501. The appellate court held:

In the present case, as in Bunch, this Court did not modify the judgment of the trial court. Rather, it remanded the case to the trial court for a reconsideration of the distribution of the marital estate after determining that one of the marital assets was undervalued. *See* Watson, 2005 WL 1882413, at *10. Because this Court remanded the case to *allow the trial court to make its own decision* regarding the distribution, the date of the judgment on remand, not the date of the original divorce decree, is the date on which the trial court "returned the verdict" for the purpose of Section 47-14-122.

Watson, 309 S.W.3d at 502 (emphasis added). Both Bunch and Watson hinge on whether the remand from the appellate court required some further *substantive* decision regarding the judgment to be made by the trial court.

- 8 -

Returning to <u>Rand</u>, that court addressed this very issue:

> We have no disagreement with the distinction articulated in <u>Watson</u> and <u>Bunch</u>. We do, however, have a problem with expanding it to cover the present case. We note that Rand's restatement of the distinction, to include any case "remanded for further proceedings," is overly broad. In <u>Inman</u>, the case was "remanded to the [trial court] for further proceedings not inconsistent with this opinion." <u>Rand</u>, 840 S.W.2d at 930. As we have shown above, <u>Inman</u>, allowed post-judgment interest from the date of the original judgment. <u>Watson</u> and <u>Bunch</u> do not apply when the remand leaves nothing of substance to be done by the trial court to determine the amount of the judgment.

<u>Rand</u>, 2012 WL 130898, at *9. Stated slightly differently, while the trial court in <u>Inman</u> still had discretionary decisions to make with regard to the post-judgment interest to be awarded to the plaintiff, those discretionary decisions did not substantively affect the underlying judgment as determined by the appellate court upon which the interest would be based. *See also* <u>St. John-Parker v. Parker</u>, 2018 WL 1377854 (Tenn. Ct. App. March 1, 2018) (holding that "the applicable legal principles provide that where an appellate court remands to the trial court for reconsideration and an additional sum is awarded, the date upon which post-judgment interest should accrue is the date of the judgment upon remand").

We determine then, that the question as to the date that post-judgment interest begins to accrue upon remand does not hinge on whether the appellate court merely modified the trial court's judgment, or vacated the trial court's judgment, or left the calculation of post-judgment interest to the trial court, but on whether the remand left something of *substance* to be done by the trial court to determine the amount of the judgment. As we noted at the outset of our analysis, the two lines of cases identified in our opinion are not inapposite, but are complimentary, and when synthesized lead to a single definable rule regarding the date post-judgment interest should begin to accrue on remand. When an appellate court remands a matter to the trial court to make its own decision regarding the underlying judgment, post-judgment interest begins to accrue on the date of the judgment upon remand. We now turn to the application of this rule to the case at hand.

The two procedural patterns particular to the lines of cases we have discussed are both present in the matter before us now. After the initial appeal, we remanded the case to the trial court for "further proceedings" to allow the trial court *to make its own decision* regarding the four properties, and six claims, which it did not resolve in its August 5, 2016 order. <u>Tomlin 1</u>, 2017 WL 5952916 at *5. Upon the second appeal specific to the trial court's June 10, 2022 order, which finally adjudicated all the claims, rights, and liabilities

- 9 -

of the parties regarding the causes of action, we modified the trial court's judgment and again remanded the matter. Tomlin 2, 2024 WL 1298152 at *5. That remand, however, left nothing of substance to further be done by the trial court regarding the judgment.

On his appeal, Plaintiff emphasizes that the amount of the judgment awarded to him, $192,298.00, was not "altered or amended" between the trial court's August 5, 2016 order and its June 10, 2022 order. While it is certainly true that the amount of the judgment did not change, the argument skirts the logic of this court's previous opinions. Upon this court's first remand, the trial court considered evidence and *made its own substantive decisions*, regarding the facts of the case and the liabilities of the parties. The trial court's discretionary decisions to deny Plaintiff's previously unresolved claims on remand were without question *substantive*. Because we left these factual considerations to the independent judgment of the trial court, it is upon that court's rendering of a final judgment after remand from which post-judgment interest begins to accrue.

In contrast, this court merely modified the judgment awarded to Plaintiff when this case was on appeal for the second time, leaving nothing of substance to the trial court to determine regarding the judgment. Accordingly, the June 10, 2022 judgment of the trial court is the date upon which it "returned the verdict" for the purposes of Tennessee Code Annotated section 47-14-122. Post-judgment interest shall be calculated form June 10, 2022 until September 24, 2024, the date upon which the parties agree Defendants tendered the full judgment amount. The parties agree that the correct calculation of pos-judgment interest for that period comes to $19,165.06. Accordingly, the judgment of the trial court is affirmed, the costs on appeal are taxed to the appellant, and the case is remanded to the trial court for enforcement of the judgment.

 s/ William E. Phillips II
WILLIAM E. PHILLIPS II, JUDGE