■ ANN BROWN, Respondent, v. ST. CLARE'S HOSPITAL, Appellant.— Judgment entered in favor of plaintiff after trial before a court without a jury, for personal injuries sustained while plaintiff was a patient in defendant hospital, unanimously reversed, on the law and on the facts, and a new trial granted, with costs to abide the event. After both sides had rested, in view of the stark conflict in medical testimony, the court very appropriately designated a member of the panel of examining physicians to examine plaintiff and report his findings, pursuant to the Special Rule for Medical Examinations in Personal Injury Actions of the New York County Supreme Court. At the time of announcing the designation the Trial Judge stated that the case would be reopened only for the testimony of the doctor; and he reiterated this statement in substance after ruling on motions. The Judge rendered his decision, however, after the medical examiner's report was filed, without calling the examiner to testify, or affording the parties an opportunity to call him. In the intervening period nothing was said or done by defendant from which there could be spelled out a waiver of its right to have the examiner testify, or a consent to rest upon his report as filed. The opinion of the court indicates that it considered the report of the examiner; and under the circumstances this constituted prejudicial error. In view of the ambiguity of the notation in the nurse's notes on November 3, 1953 as to the date the accident occurred, the court's ultimate finding that the date of the accident was October 31, 1953 is not inconsistent with the evidence. Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.