**Deborah T. DOVER, Plaintiff–Appellee,**

v.

**Norris Lee DOVER, Defendant–Appellant.**

Court of Appeals of Tennessee, Eastern Section.

July 26, 1991.

Sarah Y. Sheppeard, Susano and Sheppeard, Knoxville, for defendant-appellant.

Joe R. Haynes, Knoxville, for plaintiff-appellee.

OPINION

FRANKS, Judge.

In this divorce action, the husband has appealed and assigned the following errors:

I. Whether the trial court erred and abused its discretion in awarding substantial permanent periodic alimony and alimony in solido ...

II. Whether the trial court erred and abused its discretion in admitting into evidence the report of the

court-appointed expert, when such report was not made under oath and the expert was not called to testify at trial.

III. Whether the court erred and abused its discretion in placing certain conditions on the husband's co-parenting time with the parties' minor children.

IV. Whether the court erred and abused its discretion in requiring the husband to pay the wife's $35,-000 attorney fee, all psychological evaluation expenses and all court reporter bills.

The trial judge awarded, in addition to child support, periodic alimony to the wife in amount of $3,000.00 per month and $100,000.00 alimony, designated as an in solido award. The trial judge based these awards on his findings that the husband had subjected the wife to repeated physical abuse. The husband's 1989 income was $450,000.00 [1] and, while the wife was not employed outside the home, the court expressly found that her earning capacity was $24,000.00 as of the time of trial. The court found that the wife had worked part-time, "repeatedly" throughout the marriage while rearing the parties' two children, who were 12 and 9 years old. The court concluded by saying:

> [T]he wife has sought spousal support in this cause and the Court finds it appropriate. Of these eleven factors, [36-5-101] almost of them, in some respect, apply. As noted, their relative earning capacities are disparate. Their relative education and training, which is the wellspring of earnings, is disparate. This is a marriage of middle duration.[2]

The evidence does not preponderate against the trial judge's findings on this issue. We affirm the awards of alimony. T.R.A.P., Rule 13(d).

The trial judge appointed a psychologist "as the court's own witness to do an evaluation at the request of counsel, of the parties and children". The "witness" filed a report of his findings with the court and was not called to testify, but the trial judge filed the report in evidence over objections of counsel. The court, in response to the objections, said: "It is, of course, the practice of the court—it has been for years—to receive evaluation reports from the court's own witnesses into evidence with or without the live testimony of the witness."

Rule 706, Rules of Evidence, authorizes the court to appoint expert witnesses. The rule in part provides:

> [T]he court ordinarily should appoint expert witnesses agreed upon by the parties, but in appropriate cases, for reasons stated on the record, the court may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness's duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness's findings, the witness's deposition may be taken by any party, and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

The rule contemplates that if the findings of the expert witness are to be considered as evidence, the expert will be called to testify. This requirement is not a departure from the general rule that the court may not rely on an unsworn report from an expert to decide issues before the court. *See Reed v. Tennessee Farmers Mutual Insurance Co.,* 483 S.W.2d 721 (1972); *Hultberg v. Hultberg,* 259 N.W.2d

---

**1.** The husband, a physician, is a member of a firm of specialists in anesthesiology and, effective October 1990, his income was reduced 25 per cent until he became board certified.

**2.** The court went ahead discussing the "factors" and had this to say:

> [T]he wife has made tangible and intangible contributions to the education of her husband. She assisted him in college. She assisted him in medical school. She typed his papers. She drove him to school, parked the car, and walked herself. She was in every way his girl Friday while he conquered the dragons.

41 (N.D.1977); *Brown v. St. Clare's Hospital*, 13 A.D.2d 734, 214 N.Y.S.2d 614 (1961).

■ The calling of an expert witness by the court can have a significant impact on the adversarial role of the parties. In most instances it should only be done when the court is dissatisfied with the proof presented by the parties. *See Corcoran v. Foster Auto GMC, Inc.*, 746 S.W.2d 452 (Tenn. 1988). Rule 706 does not authorize the filing of a written unsworn report of a potential expert witness as evidence over the objection of a party. Accordingly, the written reports from the experts in this record are stricken.

Essentially, on the basis of the matters stricken from the record, the trial judge ordered the husband to attend weekly sessions of an organized men's group at the Child and Family Services for a period of weeks as a condition of visitation. There is expert testimony that it is suitable for the husband to enjoy a normal parent-child relationship with his children without the necessity of this treatment. Accordingly, we reverse the trial court's order requiring the husband to seek counseling and remand for the court to set for the father liberal visitation with his children.

■ Finally, it is argued that the attorney's fee awarded to the wife is unnecessary and excessive. The amount of the attorney's fees was based upon information furnished to the court by the wife's attorney in affidavit form. Apparently, there was no objection by the husband to the procedure employed. The court, in its order, held:

> The court specifically finds that it is appropriate for the Husband to bear the Wife's attorney's fees in this cause. Based on Mr. Haynes' affidavit reflecting the expenditure of 187 hours of time, the difficulty of this case, the numerous court appearances, the four depositions, Mr. Haynes' ability, and his forty-three years of experience, the court is justified in setting the fees at the highest level appropriate for a case such as this.

■ It is the policy of the courts not to interfere with allowance of attorney's fees by the trial court unless some injustice is perpetrated. The courts, however, will scrutinize the amount of fees to determine whether they are excessive or inequitable. *See Connors v. Connors*, 594 S.W.2d 672 (Tenn.1980). On this record, we cannot say that the amount of the attorney's fees awarded is excessive.

Counsel argues under the general rule, that while courts have discretion to require a husband to pay a wife's attorney's fees, it is inappropriate if the wife has ample funds to pay her own counsel, citing *Fox v. Fox*, 657 S.W.2d 747 (Tenn.1983). Yet an award of legal expenses is considered to be alimony. *See Wallace v. Wallace*, 733 S.W.2d 102 (Tenn.App.1987) and cases cited. *Fox* makes it clear that the trial courts have wide discretion in requiring a spouse to pay expenses of divorce litigation and when the spouse is destitute of means to pay or such payment would render the spouse destitute, the judge may award legal fees and other expenses. Accordingly, on this record, we find no abuse of discretion in requiring the husband to pay the wife's legal fees and other expenses as ordered.

The judgment of the trial court is affirmed in part and reversed in part and the cause remanded to set the visitation for the father, with cost of appeal assessed one-half to each party.

GODDARD and McMURRAY, JJ., concur.