Gordon E. INMAN, d/b/a Inman Realtors, Plaintiff/Appellee,

v.

R.C. ALEXANDER and Doris Alexander, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 4, 1993.

Permission to Appeal Denied by Supreme Court Feb. 7, 1994.

David H. King, King & Turnbow, William Carter Conway, Alexander, Conway & Williams, Franklin, for defendants/appellants.

Edward P. Silva, R.E. Lee Davies, Hartzog, Silva & Davies, Franklin, for plaintiff/appellee.

## OPINION

CANTRELL, Judge.

This is a dispute over the ability to collect interest on a judgment after it is modified on appeal and remanded. In accordance with our decision in *Inman v. Inman*, 840 S.W.2d 927 (Tenn.App.1992), we hold that the interest sought is post-judgment interest and may be collected according to Tenn.Code Ann. § 47–14–121 from the date specified in the opinion remanding the case.

On February 22, 1991, the appellee, Gordon Inman, obtained a judgment against the appellants, R.C. and Doris Alexander, in the amount of $150,000. In an opinion filed on January 15, 1992, this court modified the judgment to $100,000 and provided that pre-judgment interest could be collected from the date of the breach of the underlying contract to the date of the entry of the judgment below. The opinion was silent as to post-judgment interest.

On May 29, 1992, the appellants paid the judgment into the court plus the pre-judgment interest. Mr. Inman filed a motion in the court below to be allowed to collect post-judgment interest from the date of the original judgment. On October 3, 1992, the lower court granted the motion.

The appellants rely on Tenn.R.App.P. 41, the last sentence of which provides: "If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest."

This provision has been the source of some confusion in the state and federal courts.

But, in *Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn.App.1992), this court solved one part of the puzzle by holding that Rule 41 did not affect the statutory post-judgment interest provided in Tenn.Code Ann. § 47–14–121. Thus, when a judgment is rendered in the trial court originally or by direction from the appellate courts, the statute provides that the judgment shall automatically accrue interest at the statutory rate unless the court specifies that "its action requires that interest be computed other than as required by statute." *Inman*, 840 S.W.2d at 932.

The opinion remanding the case directed the entry of a judgment in the lower court for $100,000 as of the date of the original judgment and provided that pre-judgment interest should be paid from the date of the original breach to that time. In our opinion nothing more was required to put into effect the accrual of post-judgment interest from the date of the original judgment until the judgment is finally paid.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Williamson County for any further proceedings. Tax the costs on appeal to the appellants.

TODD, P.J., and LEWIS, J., concur.