IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| CURTIS EUGENE BUNCH, | ) C/A NO. 03A01-9805-GS-00156 |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE |
| | ) ROANE COUNTY GENERAL SESSIONS COURT |
| | ) |
| | ) |
| | ) |
| SYNDIE TARENE MURPHY BUNCH, | ) |
| | ) HONORABLE THOMAS A. AUSTIN, |
| Defendant-Appellant. | ) JUDGE |

For Appellant                          For Appellee

CHARLES H. CHILD                       BROWDER G. WILLIAMS
O'Connor, Petty, Child                 Harriman, Tennessee
  & Boswell
Knoxville, Tennessee

O P I N I O N

AFFIRMED AND REMANDED                                    Susano, J.

This is a divorce case that was before us on an earlier occasion. On the first appeal,[1] we held that the trial court had improperly valued one of the marital assets. Accordingly, we directed the trial court to "redetermin[e]" its division of property between the parties. Following our remand, the trial court concluded that the defendant, Syndie Tarene Murphy Bunch ("Wife"), was entitled to an additional $12,500 as her share of the increase in value of her husband's business -- an increase that had occurred in the last year of the parties' marriage. Being dissatisfied with the trial court's new judgment, Wife appeals. She presents three issues that raise the following questions for our consideration:

>       1. Does the evidence preponderate against the trial court's new division of marital property?
>
>       2. Is the additional award of $12,500 effective as of the date of entry of the judgment of divorce so as to entitle Wife to interest on the additional award from and after that date?
>
>       3. Is Wife entitled to recover from her husband, Curtis Eugene Bunch ("Husband"), the attorney's fees incurred by her in connection with the hearing on remand and for services rendered on this appeal?

I. *Proceedings Leading to this Appeal*

In the earlier appeal, we concluded that Husband's sole proprietorship interest in Bunch Marine -- a business primarily engaged in the retail sale of boats -- was properly valued at

---

[1] *Bunch v. Bunch*, C/A No. 03A01-9609-GS-00301 (Tenn.App. at Knoxville, May 13, 1997).

$165,000, rather than the $104,000 found by the trial court.  We remanded to the trial court "for the purpose of redetermining the apportionment of the [parties'] marital assets."  In all other respects, we affirmed the judgment of the trial court.

As previously stated, the trial court on remand concluded that Wife was entitled to an additional award of $12,500.  The rationale for the trial court's judgment is found in its order:

> ...it is the opinion of the Trial Court that the issue for determination is basically the amount of the Wife's interest in the Husband's business during the period of time that the Wife was incapacitated and the Husband was solely responsible for running the business and the home.  The Court considering that the clear proof at the trial was that there was a substantial increase in the value of the Husband's business during this period of time and that the Wife made no contribution to the business or the home and, further, that the proof at the trial by Steve Parsons, CPA, called as a witness by the Husband, was that he found a $50,000.00 increase in the value of the business during the last year of the marriage and that the Court of Appeals of Tennessee, Eastern Section, at Knoxville, clearly advised that the business should be valued at $165,000.00, and the Court considering TCA §36-4-121(c)(5) and its instruction that the Court look at the contributions made by each party in determining the parties [sic] interest in the marital estate, the Court is of the opinion...
>
> The Wife should not share in the total increase of the business, however, it is the Court's opinion that the Wife's interest in the business during this period of time should be set, additionally, at $12,500.00.

II.  *Standard of Review*

3

Our review of this non-jury divorce case is *de novo* upon the record of the proceedings below. Rule 13(d), T.R.A.P. The record comes to us with a presumption of correctness as to the trial court's factual findings -- a presumption that we must honor unless the "preponderance of the evidence is otherwise." *Id*. However, the presumption of correctness does not extend to the trial court's conclusions of law. **Campbell v. Florida Steel Corp.**, 919 S.W.2d 26, 35 (Tenn. 1996).

### III. *Law of Division of Property*

T.C.A. § 36-4-121(a) mandates an equitable division of marital property. It is clear beyond any doubt that a trial court has broad discretion in dividing the marital property of divorcing parties. **Watters v. Watters**, 959 S.W.2d 585, 590 (Tenn.App. 1997). This being the case, it follows that a trial court's division of marital property is entitled to great weight on appeal. **Id**.

"Judicial discretion when used as a guide for judicial action 'means a sound discretion...a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.'" **Package Express Center v. Snider Foods**, 788 S.W.2d 561, 564 (Tenn.App. 1989) (quoting from **Langnes v. Green**, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931)).

4

IV.  *Analysis*

*A.*

Wife argues that "[f]airness and equity dictate that [she] should be awarded one-half of the increased value in Bunch Marine, as determined by the Court of Appeals, or $30,500." She claims that the trial court, at the first hearing, concluded that an equitable division in this case was, in fact, an equal one. She urges us to apply this finding to our determination that the trial court undervalued the marital estate by $61,000, and award her $30,500 rather than the $12,500 decreed by the trial court.

Husband argues that our earlier opinion did not require the trial court to *equally* divide the amount by which we found the marital estate to be undervalued. He contends that had this been the sole permissible option available to the trial court, we would have so decreed in our original opinion. He takes the position that the trial court did not abuse its discretion in awarding Wife the lesser sum, in view of that court's finding that Wife had not made any contributions to the marriage during the period of time in which the business was increasing in value.

A divorce litigant is not necessarily entitled to an equitable share of each and every *individual* marital asset. **Brown v. Brown**, 913 S.W.2d 163, 168 (Tenn.App. 1994). Rather, the law requires only that the *overall* division of the total marital estate be equitable. Thus, we must examine the *overall* division of the parties' marital estate. This, in turn, requires

5

an evaluation of the trial court's allocation of the marital
debts as well as its division of the marital assets.

In the instant case, the trial court divided the
parties' marital assets and debts as follows:

<u>Husband</u>

| | |
|---|---|
| Bunch Marine | $165,000 |
| Real estate – equity (net of debt) | 46,000 |
| Annuity | 7,886 |
| Bank accounts | 325 |
| Monies due Wife | (17,500) |
| | $201,711 |

<u>Wife</u>

| | |
|---|---|
| Monies due from Husband | $ 17,500 |
| Real estate – equity (net of debt) | 124,000 |
| Retirement | 11,976 |
| Automobiles | 9,896 |
| Bank accounts | 1,387 |
| 1994 Tax Refund | 2,434 |
| | $167,193 |

Thus, it can be seen that the trial court's division of the
marital estate, as modified by it on remand, provides Husband
with 54.68% of the net marital estate while awarding Wife 45.32%
of that estate.  While this unequal division may, at first blush,
appear to be inequitable to Wife, who devoted 19 years of her
life to this marriage, we have concluded that the evidence does
not preponderate against the trial court's division.

The trial court found that during the latter part of
the parties' marriage, Wife failed to provide any support,
emotional or otherwise, to Husband or to the parties' children,

6

and failed to otherwise contribute to the marriage in any way. During this period, the parties separated in September, 1994. Shortly thereafter, and until the end of January, 1996, both of the parties' children resided exclusively with Husband, while Wife took up a new residence funded by him. All of this caused a significant financial drain on the parties' resources.

It was during this period of Wife's non-contribution that Husband's business experienced a significant increase in value. Under the circumstances, the trial court found that it would not be equitable to allow Wife to share equally in this increase. In effect, he awarded Husband 75% of this increase, while awarding Wife 25%.

Dividing a net marital estate is not an exact science. The factors set forth at T.C.A. § 36-4-121(c)(1)-(10) cannot be applied in a mechanical fashion. *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn.App. 1988). The trial court -- in exercising its broad but sound discretion -- must decide how much weight should be given to each of the factors that it finds to be relevant. *Id*. In the instant case, the trial court concluded that the assets other than Bunch Marine should be divided in approximately equal portions; but it concluded that the factor at T.C.A. § 36-4-121(c)(5)[2] uniquely impacted the division of the Bunch Marine

---

[2]The factor at T.C.A. § 36-4-121(c)(5) is as follows:

> The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

asset so as to require, in fairness, a greater apportionment of that asset to Husband.  We cannot say that the evidence preponderates against this finding.  *Cf*.  ***Brock v. Brock***, 941 S.W.2d 896, 903-05 (Tenn.App. 1996).

Rare is the divorce case that presents only one apportionment option that would satisfy the statutory mandate of an equitable division.  In most cases, there is a range of equitable alternatives, any one of which would satisfy the prescriptions of T.C.A. § 36-4-121.  It is only when the trial court strays from this range of permissible options that an appellate court is authorized to interfere with the discretionary role of the lower court.  In the instant case, the evidence does not preponderate in such a way as to warrant a decision by us that the trial court has gone outside the permissible range of decisions.

We do not find that the trial court abused its discretion when it divided the net marital estate of approximately $368,904.

*B.*

In her second issue, Wife contends that the trial court erred in failing to award her interest for a period of time prior to the entry of the most recent order of the trial court. Specifically, she argues that she is entitled to interest on the trial court's additional cash award of $12,500 at a rate of 10% per annum from "the date of the final judgment of divorce in the

8

trial court regardless of whether the judgment was originally awarded in the trial court or whether the judgment was modified by the appellate court." In this connection, she relies upon T.C.A. § 47-14-121, which provides in pertinent part as follows:

> Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute;....

Wife also relies upon the decisions of this Court in the cases of *Wade v. Wade*, 897 S.W.2d 702 (Tenn.App. 1994), *Inman v. Alexander*, 871 S.W.2d 153 (Tenn.App. 1993), and *Inman v. Inman*, 840 S.W.2d 927 (Tenn.App. 1992), to support her contention that the interest to which she is entitled should accrue from the date of the trial court's original divorce judgment.

The cases cited by Wife, however, are distinguishable from the instant case. In each of the cited cases, the appellate court *modified* the lower court's judgment, *i.e.*, changed specific monetary awards therein. *See Wade*, 897 S.W.2d at 717-18; *Inman v. Alexander*, 871 S.W.2d at 153-54; and *Inman v. Inman*, 840 S.W.2d at 931. In the instant case, by contrast, after determining that the trial court had undervalued the Bunch Marine asset by $61,000, we remanded the case to the trial court for the purpose of "redetermining the apportionment of marital assets." Thus, the trial court was required to take further action, and not merely to enter judgment in accordance with specific modifications by us. Our decision left the actual redistribution of the parties' marital property --if any -- to the trial court.

9

Accordingly, a final determination regarding the division of property occurred only upon remand of the case and the trial court's subsequent judgment.

In short, we believe that a remand for a possible reapportionment of marital assets, absent any actual, specific modifications to the previous distribution, presents a different situation from one in which the lower court's judgment is modified to reflect the appellate court's revised specific monetary determination. For this reason, the above-cited cases are not applicable to the instant case.

By the same token, the provisions of Rule 41, T.R.A.P., do not apply here. That Rule provides as follows:

> If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determination by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

In our previous decision, we did not affirm or dismiss the appeal; nor did we modify or reverse the lower court's decision with the direction that a judgment for money be entered. Thus, the provisions of Rule 41, T.R.A.P., are not applicable here.

10

The general rule regarding the computation of interest on judgments is set forth at T.C.A. § 47-14-122, which provides as follows:

> Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial.

Under the circumstances of this case, the date on which the trial court entered judgment after reapportioning the parties' marital assets upon remand -- April 7, 1998 -- is the date upon which it "returned the verdict" for purposes of T.C.A. § 47-14-122. We therefore hold that Wife is entitled to interest on the amount awarded to her from that date, and not from the date of the trial court's original divorce decree.

*C.*

Finally, Wife contends that she is entitled to an award of attorney's fees for services rendered by her counsel on remand[3] and on this appeal.

A trial court has the authority to award a party his or her legal expenses as an award in the nature of alimony. *Dover v. Dover*, 821 S.W.2d 593, 595 (Tenn.App. 1991). Such awards are within the sound discretion of the trial court, and that court's judgment on the subject will not be disturbed on appeal absent an abuse of that discretion. *Lyon v. Lyon*, 765 S.W.2d 759, 762-63 (Tenn.App. 1988). In the instant case, we cannot say that the

---

[3]In the divorce judgment, the trial court denied Wife's request for her legal expenses to that point. We affirmed that decree.

11

trial court abused its discretion in denying Wife her legal expenses in connection with the hearing on remand. Therefore, we decline to hold that such fees are appropriate in this case.

We further find that this is not an appropriate case for an award of legal expenses on appeal.

V. *Conclusion*

The judgment of the trial court is affirmed, with costs on appeal taxed to the appellant. This case is remanded to the trial court for enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Herschel P. Franks, J.