# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 26, 2006 Session

# BARRY D. SMITH v. TAMARA YVETTE SMITH

**Appeal from the Chancery Court for Sumner County**
**No. 2002D-208     Tom E. Gray, Judge**

---

**No. M2005-01688-COA-R3-CV - Filed April 9, 2008**

---

JERRY SCOTT, SR. J., dissenting.

I respectfully dissent from the majority's conclusion that Dr. Victor A. Pestrak's report was properly admitted and that this Court's interpretation of Rule 706 of the Tennessee Rules of Evidence in *Dover v. Dover*, 821 S.W.2d 593, 595 (Tenn. Ct. App. 1991), is too rigid. I submit that the majority's decision ignores the strict requirements of Rule 706 and opens the door for abuse of that rule.

Rule 706(a) of the Tennessee Rules of Evidence allows the court to appoint an expert witness in bench-tried cases <u>sua</u> <u>sponte</u> or on motion of any party and specifically sets forth the procedures the court shall follow to appoint and utilize such an expert. Rule 706(a) states:

> The court may not appoint expert witnesses of its own selection on issues to be tried by a jury except as provided otherwise by law. As to bench-tried issues, the court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed and may request the parties to submit nominations. The court ordinarily should appoint expert witnesses agreed upon by the parties, but in appropriate cases, for reasons stated on the record, the court may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness's duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness's findings, the witness's deposition may be taken by any party, and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

This case involves the custody of a little girl who has been placed in the home of her father who was accused of improperly touching her. The very experienced trial judge decided to appoint an expert to determine whether the father was a man who would be likely to commit the acts of

which he was accused. After several psychologists and psychiatrists turned the judge down, he found Dr. Pestrak and appointed him as the court's expert witness. The judge stated that Dr. Pestrak had "good credentials." However, Dr. Pestrak's credentials do not appear anywhere in the record, and the record is unclear as to whether the parties or the Court really knew anything at all about Dr. Pestrak's qualifications.

After being appointed, Dr. Pestrak performed evaluations of the parties and the child and submitted a copy of his report to the Court with copies to counsel for both parties. When the report was offered into evidence by the father's counsel, the mother's counsel timely objected to its admission. However, the trial judge overruled the objection stating that he had relied on the report in prior hearings. The majority's opinion implies that the parties knew at the time of the prior hearings that the trial judge relied on the report, and therefore, waived any right to object. However, there are no transcripts of the prior hearings in the record, and it is not shown anywhere in the record that the parties knew that the trial judge had relied on the report prior to it being offered as evidence.

No order to show cause why an expert witness should not be appointed was entered as required by Rule 706(a). The court did not request the parties to submit nominations. However, the Rule does not require such nominations. It only provides that nominations may be submitted.

Rule 706(a) further provides that a court appointed expert witness should be agreed upon by the parties, but in appropriate cases, for reasons stated in the record, the court may appoint an expert of its own selection. Here the parties agreed that the judge could appoint the expert, but there was no evidence of an agreement to waive any of the other requirements of Rule 706(a).

Rule 706(a) further requires that the expert can only be appointed if the expert agrees. He obviously agreed. The next step mandated by the Rule is that a witness so appointed shall be informed of the expert witness' duties by the court in writing, a copy of which shall be filed with the clerk of the court, or the expert may be advised of his duties at a conference in which the parties shall have an opportunity to participate. That step was skipped entirely. There is no statement of duties in the record and no evidence that a conference was held.

Next, the expert witness is required to advise the parties of the witness' findings, which this witness apparently did. The witness' deposition may be taken by any party and the expert witness may be called to testify by the court or any party. Neither party deposed the expert witness nor was he called to testify by the court or either party. Of course, the party that the expert witness would testify against would not be expected to call him. The party who was recommended in the expert witness' report as the custodial parent would not want to call the expert witness for fear he might equivocate in his testimony or even change his opinion under cross-examination. That only leaves the judge as the one to call the expert witness to testify.

The final requirement and the one that is most crucial is that the "witness shall be subject to cross-examination" by all parties. Tenn. R. Evid. 706(a)(emphasis added). Since the judge did not

summon the witness to the court to testify, there simply was no opportunity for cross-examination in this case.

As pointed out in the majority opinion this was a protracted divorce case with great acrimony between the parties. Several changes of counsel occurred during the proceedings. There is no transcript of any of the preliminary proceedings, so this appellate court has no record of what was said by anyone at the prior hearings.

The parties left it up to the judge to find an expert. The judge said that he called several psychologists and psychiatrists before he could find anyone who would conduct the examination. It is not known what the judge told the psychologist or what the psychologist said to the judge. It is not known whether the judge told the parties he was relying on the psychologist's report when making preliminary rulings. It is clear that the judge failed to follow the required procedure for informing the witness of his duties by letter, with a copy to the court clerk, and the judge also failed to hold a conference with the expert giving the parties an opportunity to participate.

Since the judge stated that he did not even know Dr. Pestrak and his curriculum vitae does not appear in the record, there is no way for this Court or the parties to know the qualifications of the court appointed expert, unless the judge provided the parties with some information about the psychologist off the record.

Given the surprise expressed by the mother's counsel when the expert was not called, it is clear that her counsel was anticipating the expert to be called by the court for cross-examination.

The majority puts the onus on the mother's counsel to call the expert whose report was adverse to her client. It is unlikely he would be called by the mother's attorney. The father's attorney wasn't likely to call him to testify and be cross-examined as his report was fully favorable to the father's position. Thus, as stated heretofore, the only one who could be expected to call the expert was the judge, who surely would want to hear live testimony about the expert's methodology, his findings and his recommendations, and to have his testimony tested in the "crucible of vigorous cross-examination," the greatest tool for the discovery of truth ever devised. *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 265 (Tenn. 1997).

The majority concludes that the objecting party waived her right to cross-examine the expert because she had an opportunity to depose the expert or in the alternative, could have called the expert to testify at a later date. It is true that either party could have subpoenaed him before the final hearing, but my reading of the record leads me to believe that both parties reasonably expected the judge to have the witness present for cross-examination. To expect either of these parties with their limited incomes to pay to depose the expert is unrealistic, given the great number of hearings for which they were forced to pay their attorneys. The majority's conclusion ignores the requirement of Rule 706(a) that the expert "shall be subject to cross-examination" and places the burden to call the expert witness on the party who would least want the expert's report entered into evidence. In virtually all court proceedings, the party offering an expert's report into evidence has the burden to call the expert to testify in order to authenticate the report and thereby subject the expert to cross-

3

examination. Since the father's counsel wanted the report admitted and the judge obviously relied on it, the onus should have been on the father's counsel or the judge to get the witness before the court, for authentication of his report and for cross-examination. Since the father's counsel didn't subpoena the expert, the judge should have acted to get Dr. Pestrak before the court.

When expert testimony is offered, the issues of admissibility and relevancy of the evidence and the qualifications and competence of expert witnesses are generally left to the discretion of the trial court and the court's ruling in that regard may only be overturned if the discretion is arbitrarily exercised or abused. *McDaniel*, 955 S.W.2d at 263-64. Rule 702 of the Tennessee Rules of Evidence provides: "If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise."

Rule 703, of the Tennessee Rules of Evidence provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence. The court shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate lack of trustworthiness.

The trial court must determine whether the evidence will substantially assist the trier of fact to determine a fact in issue and whether the facts and data underlying the evidence indicate a lack of trustworthiness. Taken together the rules necessarily require a determination of the scientific validity or reliability of the evidence.

"[T]he trial court must analyze the science and not merely the qualifications, demeanor or conclusions of experts," and "must assure itself that the opinions are based on relevant scientific methods, processes and data, and not upon the expert's mere speculation." *McDaniel*, 955 S.W.2d at 265. "Once the evidence is admitted, it will be tested with the crucible of vigorous cross-examination and countervailing proof." *Id.*

How a trial judge can make all those determinations from a written report by an "expert" whom the judge has never met, without the testing of the science involved, without determining his qualifications, without observing his demeanor and without testing the conclusions of the "expert" without ever seeing, hearing and evaluating him with the assistance of attorneys to cross-examine the "expert," is beyond my comprehension. Given the gravity of the decision as to which parent is better suited (or whether neither party is suited) to be the primary residential parent and whether a parent will endanger or molest the child are issues of the utmost seriousness. The child is the unrepresented pawn in custody cases. Her life was at a fork in the road and the judge determined her future when the decision was made to send the child to a particular home for most of her nurture, care, education and upbringing through the balance of her childhood. No decision made by any

4

judge anywhere is more difficult, life-changing, life-directing and virtually unchangeable by the affected party than the decision about the future of a helpless child. The full development of every relevant fact should be the primary concern of every judge trying child custody cases.

Based on the foregoing, I cannot vote to affirm. "The calling of an expert witness by the court can have a significant impact on the adversarial role of the parties." *Dover*, 821 S.W.2d at 595. The majority's conclusion will serve to undermine the rules of evidence and create opportunities for abuse. As previously stated by this Court in *Dover*, "[Rule 706] contemplates that if the findings of the expert witness are to be considered as evidence, the expert will be called to testify. This requirement is not a departure from the general rule that the court may not rely on an unsworn report from an expert to decide issues before the court." *Id.* at 594. That is just what the trial judge did in this case.

Errors by the parties' counsel should not and indeed cannot detract from the duties of the trial judge to insure that inadmissible hearsay like as this report is excluded, that the court's chosen expert is before the court and ready to be questioned by each party and the court, and to insure that justice is done for the child. It is the trial judge, not either party's counsel, who is "ultimately responsible for every aspect of the orchestration of a trial." *State v. McCray*, 614 S.W.2d 90, 93 (Tenn. Crim. App. 1981). The judge's responsibilities include adherence to the evidentiary rules and also requiring adherence by all of the parties. Since, I cannot condone such a blatant disregard of the Tennessee Rules of Evidence, I must dissent.

_____
Jerry Scott, Senior Judge